# UNITED STATES DISTRICT COURT
for the
District of Colorado

| | |
|---|---|
| Terrence M. Wyles, a Colorado Resident<br>*Plaintiff*<br>v.<br><br>Aluminaid International, A.G.; West Hills Research & Development, Inc., fka Aluminaid, Inc.; Aluminaid Pte Ltd., aka Advanced First Aid Research Pte Limited; Zuperfoods, Inc.; Carl J. Freer; Ericka Freer, aka Ericka Lapresle, aka Ericka Suzanne Lapresle, aka Ericka Lapresle Freer; James Hunt; Allen Z. Sussman; Loeb & Loeb L.L.P; Adam Freer, aka Adam Agerstam; Julia Freer, aka Julia Agerstam, aka Julia Freer-Agerstam; David Warnock; and Alex Arendt<br>*Defendants* | Civil Action No. 1:15-cv-00393-CMA-KMT |

**RESPONSE TO MOTIONS TO DISMISS OR ABSTAIN AND FOR ATTORNEY'S FEES**

Plaintiff, through his undersigned counsel, responds as follows to Defendant Allen Sussman and Loeb & Loeb LLP's motions to dismiss or abstain and for attorney's fees.

## PROCEDURAL BACKGROUND

1. Plaintiff filed his related state court action on March 6, 2014. The case did not include a professional negligence claim, and therefore did not require a Certificate of Review.

2. On October 1, 2014, Plaintiff secured a Certificate of Review pursuant to

C.R.S. Section 13-20-602. as to the actions of Defendants Allen Sussman and Loeb & Loeb LLP.  See Certificate of Review, attached hereto as Exhibit A. Accordingly, Plaintiff moved on the same day to amend his complaint to include a professional negligence claim.  See Motion to Amend, attached hereto as Exhibit B.

   3.  On  January 14, 2015 , the State Court issued an Order making a provisional ruling on partial motions to dismiss filed by other Defendants (but not Allen Sussman and Loeb & Loeb LLP) based on a venue selection clause in an agreement between Plaintiff and those Defendants.  See Order, attached hereto as Exhibit C.  Allen Sussman and Loeb & Loeb LLP were never alleged to be a party to the venue selection agreement, nor have they ever made any argument or offered proof that they were third party beneficiaries of the agreement.  Additionally, some claims against other Defendants were found to be provisionally subject to dismissal because they were compulsory counterclaims in a California action.  Again, however, Defendants Sussman and Loeb & Loeb LLP were not parties to the California action and therefore no compulsory counterclaim rule was applied as to them. The State Court's Order was provisional, and did not render a final ruling as to any claims.  Exhibit C, p. 5.

   4.  Plaintiff  moved for reconsideration of the District Court's provisional Order on February 25, 2015 .  See Motion to Reconsider, attached hereto as

Exhibit D.  Defendant Sussman and Loeb & Loeb did not initially respond to the motion to reconsider – as one would expect since the subject motion and order did not involve them.  However, on April 6, 2015, without explanation for the late response, Defendants Sussman and Loeb & Loeb filed their own response to the motion to reconsider.  See Response, attached hereto as Exhibit E.  The State Court is considering the motion to reconsider, having set a hearing for July 17, 2015.  See State Court Order, attached hereto as Exhibit F.

## SUMMARY OF THE ARGUMENT

5.  Plaintiff attempted to bring his professional malpractice claim against the moving Defendants immediately upon securing a certificate of review, by filing a motion to amend his complaint in the State court to add that claim.  The State Court denied the motion without further explanation.  In order to ensure compliance with the statute of limitations, Plaintiff was required to bring his claim in another case, and has therefore done so in this Court.  Further, in order to avoid the very concern with "claim splitting" that Defendants advance, Plaintiff also alleged his other claims.

6.  Defendants' argument rests on an assertion that Plaintiff should have just waiting to see if the State court might, at some unknown future point, reverse its decision and allow Plaintiff to bring his professional malpractice claim in State court. For Plaintiff to engage in this "wait and see" strategy would have subjected

his claims to possible bar by the statute of limitations, and neither Colorado law nor Federal law prohibit a party from bringing claims when another Court has declined to hear them.

## ARGUMENT

7. Defendants contend that their motion to dismiss is supported by the 10th Circuit Court of Appeals' decision in Katz v. Gerardi, 655 F.3d 1212 (10th Cir. 2011). In fact, however, the decision in Katz compels the exact opposite conclusion. In Katz, the Court specifically held that in order for the rule against claim splitting to apply, "the case must be the same." That is, "[t]here must be the same parties, or, at least, such as represent the same interests; there must be the same rights asserted and the same relief prayed for; the relief must be founded upon the same facts, and the title, or essential basis, of the relief sought must be the same." Katz, 655 F.3d at 1217, quoting The Haytian Republic, 154 U.S. 118, 124, 14 S.Ct. 992, 38 L.Ed. 930 (1894). These elements are not met here, because the same rights are not asserted, and the facts supporting the different claims are not identical.

8. When, as here, Colorado claim preclusion rules apply, claim preclusion requires proof of all of the following elements 1) finality of the first judgment;[1] 2) identity of subject matter; 3) identity of claims for relief; and 4) identity or privity between parties to the actions." Hartsel Springs Ranch of Colo., Inc. v.

4

Bluegreen Corp., 296 F.3d 982, 986-987 (10th Cir.2002)., quoting Cruz v. Benine, 984 P.2d 1173, 1176 (Colo.1999).  Although the first element is not required in claim splitting cases, Defendants also cannot show identity of subject matter and identity of claims for relief, as the legal malpractice claim is not pending and was not permitted in the State court matter.

9.  Defendants' only argument is that Plaintiff could have asked the State court to allow the legal malpractice claim there, as the State court indicated that it may permit the amendment if it later decided not to make its provisional order final.  In reality, with the claim not pending in any court, the statute of limitations was running on Plaintiff's claim.  He simply did not have the luxury of hoping that the State court would someday change its mind.

10.  Because this action is the only action in which the professional malpractice claim can be heard, the rule against claim splitting requires Plaintiff to attempt to bring his other claims here.  The Court in Katz stated:

> The rule against claim-splitting requires a plaintiff to assert all of its causes of action arising from a common set of facts in one lawsuit. By spreading claims around in multiple lawsuits in other courts or before other judges, parties waste " scarce judicial resources" and undermine " the efficient and comprehensive disposition of cases."

Katz, 655 F.3d at 1217, quoting Hartsel Springs Ranch of Colo., Inc. v. Bluegreen Corp., 296 F.3d 982, 985 (10th Cir.2002).  Following this policy, Plaintiff is attempting to bring all of his claims together in a court where they can all be heard,

instead of trying parts of his case in one court and other parts in another.

    11. Defendants make the alternative argument that this matter should be dismissed pursuant to the "Roker-Feldman" doctrine. However, that doctrine is limited to cases where "the losing party in state court filed suit in federal court after the state proceedings ended, complaining of an injury caused by the state-court judgment and seeking review and rejection of that judgment." Exxon Mobil Corp v. Saudi Basic Indus. Corp., 544 U.S. 280, 292, 125 S. Ct. 1517, 161 L. Ed. 2d 454 (2005). Accordingly, the Rooker-Feldman doctrine does not apply to interlocutory orders. Nicholson v.Shafe, 558 F.3d 1266, 1276-77 (11th Cir. 2009); TruServ Corp. v. Flegles, Inc., 419 F.3d 584, 591 (7th Cir. 2005) ("Therefore, under the Supreme Court's recent ruling [in Exxon Mobil], the Rooker-Feldman doctrine is not applicable to this lawsuit because the Kentucky court's judgment was not rendered before the district court proceedings commenced").

    13. Defendants also contend that this Court should abstain from hearing this matter pursuant to the "Colorado River" doctrine. However, a Court can decline to hear a case pursuant to that doctrine only pursuant to "exceptional circumstances." Rienhardt v. Kelly, 164 F.3d 1296, 1303 (10th Cir. 1999). Accordingly, abstention under the Colorado River doctrine cannot be applied except when the cases are parallel – that is, they involve the substantially the same issues. Allen v. Board of Education, Unified School District, 68 F.3d 401, 403 (10th Cir. 1995)). " As

stated, however, the legal malpractice claim is completely absent from the State court matter.  Therefore, the same issues do not exist in both courts.

    14.  Furthermore, jurisdiction should not be refused, even when the issues are substantially identical, when examination of seven factors indicates that jurisdiction should be maintained.  Id.  Here, nearly all of the factors weigh against dismissal.  There is no more inconvenience to the parties by litigating in this Court than in State Court, and in fact this forum is more convenient because the federal forum allows depositions and subpoenas of out-of-state witnesses.  The concern with avoiding piecemeal litigation also weighs in favor of this Court retaining jurisdiction, because this Court is the only court that can hear all of the claims including the legal malpractice claim.  The litigation here has not been shown to be vexatious, and again was made necessary after the State court declined to allow amendment of the complaint to include the legal malpractice claim.  Finally, the State court proceeding is not adequate to protect Plaintiff's rights, because he is not permitted to litigate the professional malpractice claim there.

    Accordingly, Plaintiff respectfully requests that this Court deny Defendants' motions to dismiss or abstain and for attorney's fees.

Respectfully submitted this 16th day of June, 2015.

*Original retained in the offices of undersigned*

/s/ *Samuel Ventola*_____
Samuel Ventola
1775 Sherman St. #1650
Denver, Colorado 80203
Telephone Number:  (303) 864-9797
Email:  sam@samventola.com

### CERTIFICATE OF SERVICE

I certify that on June 16, 2015 a copy of the foregoing was served on all counsel of record by eservice through ICCES.

A duly signed original is on file at the offices of undersigned counsel

\_\_\_s/ Samuel Ventola_____
Samuel Ventola #18030