**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 15-cv-00393-CMA-KMT

TERRENCE M. WYLES,

      Plaintiff,

v.

ALUMINAID INTERNATIONAL, A.G.,
WEST HILLS RESEARCH & DEVELOPMENT, INC., formerly known as Aluminaid, Inc.,
ALUMINAID PTE, LTD., a/k/a Advanced First Aid Research PTE Limited,
ZUPERFOODS, INC.,
CARL J. FREER,
ERICKA FREER, a/k/a Ericka Lapresle,
JAMES HUNT,
ALLEN Z. SUSSMAN,
LOEB & LOEB LLP,
ADAM FREER, a/k/a Adam Agerstam,
JULIA FREER, a/k/a Julia Agerstam,
DAVID WARNOCK,
ALEX ARENDT,

      Defendants.

---

## ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

---

Because claim splitting and *res judicata* preclude Plaintiff from re-litigating his claims in federal court, Defendants Loeb & Loeb LLP and Allen Sussman's ("Defendants") Motion to Dismiss (Doc. # 7) is granted.  Further, Defendants' Motion for Sanctions (Doc. # 8) is denied without prejudice, as it is unclear whether attorney's fees should be awarded pursuant to Rule 11.

## I.   **BACKGROUND**

This case stems from Plaintiff's former employment with "Defendant Corporations." (Doc. # 1 at 5, ¶ 23.)  Plaintiff's complaint lists eleven claims for relief: (1) breach of contract for employment; (2) violation of Colorado Wage Act; (3) libel and slander; (4) wrongful termination; (5) interference with contract/ prospective economic advantage; (6) shareholder derivative action; (7) fraudulent transfers; (8) misrepresentation; (9) abuse of process; (10) negligence; and (11) joint liability. Over a year ago, on March 6, 2014, Plaintiff filed a complaint in Arapahoe County District Court ("State Court") asserting the same claims listed in this case—except misrepresentation and negligence—against the same defendants.  (Doc. # 7-1.) Indeed, the State Court complaint included one additional defendant, Aja Reynolds. (*Id.*)

On January 14, 2015, the State Court held that the employment agreement at issue in this case contains a forum selection clause that is applicable to Plaintiff's first (breach of contract for employment), second (violation of Colorado Wage Act), fourth (wrongful termination), and fifth (interference with contract/ prospective economic advantage) claims for relief.  (Doc. # 7-2 at 2.)  The State Court determined that enforcement of the forum selection clause, which requires Plaintiff to bring any claims arising under the employment agreement in Switzerland, was contingent upon Defendants advancing to Plaintiff reasonable travel expenses related to litigating the matter in Switzerland within thirty days.  (*Id.* at 2–3)  Because the parties disagreed as to what expenses were "reasonable," on April 3, 2015, the State Court ordered that

Defendants were responsible for advancing 80% of Plaintiff's proposed budget of $195,066.  (Doc. # 7-3 at 1–2.)  The State Court also appointed a Special Master to determine "which expenses are reasonable and necessary, and the amount and timing of any deposits or reimbursements."  (*Id.* at 3.)

Further, the State Court ordered that the derivative claim concerning Defendant Aluminaid International be dismissed if the "foregoing payment/deposit is made and approved by the court."  (Doc. # 7-2 at 3.)  Plaintiff's derivative claim relating to West Hills Research & Development Inc. was dismissed; and Plaintiff's abuse of process claim was "dismissed without prejudice so that it may be brought before the California court."  (*Id.* at 4.)

Additionally, in the January 14, 2015 Order, the State Court denied without prejudice Plaintiff's motion to amend his complaint to assert a derivative claim of negligence/ legal malpractice.  (*Id.* at 5.)  Specifically, the State Court stated:

> This issue may be raised again if the derivative claim [of legal malpractice] survives the motion to dismiss related to the payment/deposit discussed above. . . .  Plaintiff may file another amended complaint in compliance with the foregoing within 14 days after the issues concerning the deposit/ advance discussed above have been resolved.

(*Id.*)

Despite the ongoing State Court case, on February 26, 2015, Plaintiff filed a complaint in this Court.  (Doc. # 1.)  On May 26, 2015, Defendants filed a Motion to Dismiss and a Motion for Sanctions.  (Doc. ## 7, 8.)  On June 16, 2015, Plaintiff filed a Response, to which Defendants replied on June 30, 2015.  (Doc. ## 13, 16.)

## II.  <u>STANDARD OF REVIEW</u>

Under Federal Rule of Civil Procedure 12(b)(6), a claim may be dismissed due to the plaintiff's "failure to state a claim upon which relief can be granted."  A dismissal under Rule 12(b)(6) may be based on the lack of a cognizable legal theory or on the absence of sufficient facts alleged under a cognizable legal theory.  *See id.*; *see also Golan v. Ashcroft*, 310 F.Supp.2d 1215, 1217 (D. Colo. 2004).  The Rule 12(b)(6) standard tests "the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true."  *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994).

Additionally, under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  This pleading standard "does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.  A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do."  *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009) (quoting and citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)) (internal quotation marks and citations omitted; alterations incorporated).

Further, "only a complaint that states a plausible claim for relief survives a motion to dismiss [under Rule 12(b)(6)].  Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.  But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the

complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Id.* at 679 (quotation marks omitted).

The purpose of this pleading requirement is two-fold: "to ensure that a defendant is placed on notice of his or her alleged misconduct sufficient to prepare an appropriate defense, and to avoid ginning up the costly machinery associated with our civil discovery regime on the basis of a largely groundless claim." *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011) (internal quotation marks omitted).

## III.   DISCUSSION

### A.   MOTION TO DISMISS

Defendants argue Plaintiff's claims should be dismissed because "each defendant named in this suit is named in the State Court case," and Plaintiff "seeks the exact same relief in each case, bringing the exact same claims based on the exact same set of facts." The Court agrees.

Claim splitting is an aspect of *res judicata* that prevents parties from filing two substantially identical complaints to circumvent procedural rules. *Hartsel Springs Ranch of Colorado, Inc. v. Bluegreen Corp.*, 296 F.3d 982, 990 (10th Cir. 2002). Indeed, "[t]he rule against claim-splitting requires a plaintiff to assert all of its causes of action arising from a common set of facts in one lawsuit." *Katz v. Gerardi*, 655 F.3d 1212, 1217 (10th Cir. 2011). Dismissal for claim-splitting is premised in significant measure on the ability of the district court to manage its own docket. *Id.* To determine if a plaintiff improperly splits his claims, the court must ask: "whether, assuming the first

suit was already final, the second suit would be precluded under *res judicata* analysis." *Id.* at 1218 (quoting *Hartsel Springs*, 296 F.3d at 987 n.1).

*Res judicata*, also known as claim preclusion, requires four elements: (1) finality of the first judgment; (2) identity of subject matter; (3) identity of claims for relief; and (4) identity or privity between parties to the actions. *Hartsel Springs*, 296 F.3d at 987 (citing *Cruz v. Benine*, 984 P.2d 1173, 1176 (Colo. 1999)). However, a final judgment is not required in the claim-splitting context. *Katz*, 655 F.3d at 1218.

In this case, the identity of parties element is met because each defendant listed in the State Court complaint is also listed in the complaint filed with this Court. Additionally, despite Plaintiff asserting, with no supporting facts, that Defendants cannot show identity of subject matter, the subject matter in each case stems from Plaintiff's employment agreement with the "Defendant Corporations." Further, all but two of the claims in the instant case are the same claims for relief that Plaintiff filed in the State Court. The two additional claims Plaintiff includes in the instant case— misrepresentation and negligence—are issues that could have been raised in State Court because they arise from the same set of facts. In fact, Plaintiff filed a motion to amend in State Court in which he attempted to assert his negligence claim. The State Court denied this motion without prejudice, and specifically stated that the "issue may be raised again if the derivative claim survives the motion to dismiss." The fact that Plaintiff was denied leave to amend, and particularly because Plaintiff's motion was denied without prejudice, does not give him the right to file a second lawsuit based on the same facts. *See Hartsel Springs*, 296 F.3d at 989.

Plaintiff argues that the statute of limitations was running on his negligence claim and, thus, "he was required to bring his claim in another case."  However, Plaintiff cannot file two substantially identical complaints in order to evade procedural restrictions.  In any event, the State Court asserted that Plaintiff can raise the issue again; and, if Plaintiff was concerned with the statute of limitations running, in spite of the State Court's holding, he could have filed a motion to toll the statute of limitations in State Court, rather than bringing a separate action in federal court.

Moreover, the State Court has already ruled on several of Plaintiff's claims. Because claim preclusion prevents a plaintiff from re-litigating claims already decided, Plaintiff cannot re-litigate these same claims in federal court.  *Consumers Gas & Oil, Inc. v. Farmland Indus., Inc.*, 815 F. Supp. 1403, 1412 (D. Colo. 1992).

Accordingly, claim splitting and *res judicata* preclude Plaintiff from re-litigating his claims in this Court.  Because Plaintiff's claims are dismissed based on claim splitting and *res judicata*, the Court need not consider Defendants' additional arguments that they are entitled to dismissal under the Colorado River and Rooker Feldman doctrines.

## B.    MOTION FOR SANCTIONS

Defendants contend that "[t]he instant action is groundless, frivolous, and serves only to harass the Loeb Defendants and needlessly increase the cost of litigation in violation of Fed. R. Civ. P. 11(b)(1)."  Defendants argue they are entitled to fees and costs incurred by them in having to defend this duplicative suit.  Plaintiff responds by asserting the filing of this case "was made necessary after the State court declined to allow amendment of the complaint to include the legal malpractice claim."

Rule 11 permits a court to impose sanctions on an attorney where a claim is "presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation." Fed. R. Civ. P. 11(b)(1), (c)(2). It is unclear whether attorney's fees should be awarded pursuant to Rule 11. If Defendants believe such attorney's fees are merited, they are to file a brief with supporting facts and law by no later than July 30, 2015. Plaintiff is to file a response by August 13, 2015.

## IV.   CONCLUSION

Based on the foregoing, the Court ORDERS that Defendants' Motion to Dismiss or, in the Alternative for Abstention, (Doc. # 7) is GRANTED. Pursuant to Fed. R. Civ. P. 54(d)(1), the Court awards costs to Defendants. This case is DISMISSED WITH PREJUDICE. It is

FURTHER ORDERED that Defendants' Motion for Sanctions Pursuant to Rule 11 (Doc. # 8) is DENIED WITHOUT PREJUDICE. The Court retains jurisdiction to decide this matter.

DATED: June ___30___, 2015

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge