**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 15-cv-00393-CMA-KMT

TERRENCE M. WYLES,

     Plaintiff,

v.

ALUMINAID INTERNATIONAL, A.G.,
WEST HILLS RESEARCH & DEVELOPMENT, INC., formerly known as Aluminaid, Inc.,
ALUMINAID PTE, LTD., a/k/a Advanced First Aid Research PTE Limited,
ZUPERFOODS, INC.,
CARL J. FREER,
ERICKA FREER, a/k/a Ericka Lapresle,
JAMES HUNT,
ALLEN Z. SUSSMAN,
LOEB & LOEB LLP,
ADAM FREER, a/k/a Adam Agerstam,
JULIA FREER, a/k/a Julia Agerstam,
DAVID WARNOCK,
ALEX ARENDT,

     Defendants.

---

**ORDER GRANTING IN PART AND DENYING IN PART
DEFENDANTS' MOTION FOR ATTORNEY FEES**

---

     This matter is before the Court on Defendants Allen Z. Sussman and Loeb &

Loeb, LLP's (collectively, "the Loeb Defendants") Motion for Attorney Fees.  (Doc. # 19.)

Because the Court finds that the Loeb Defendants are entitled to attorney fees under

Colo. Rev. Stat. § 13-17-201 (2015), but that the requested award must be reduced, the

Court grants in part and denies in part the Loeb Defendants' motion.

# I. BACKGROUND

The factual and procedural history of this case is fully set forth in the Court's Order granting the Loeb Defendants' Motion to Dismiss.  (Doc. # 17.)  In that Order, entered on June 30, 2015, the Court dismissed Plaintiff Terrence M. Wyles' complaint under Fed. R. Civ. P. 12(b)(6) on the grounds of claim-splitting and *res judicata* because Mr. Wyles had previously filed a nearly identical complaint involving the same causes of action and defendants in State Court.  (*Id.* at 5.)  On July 1, 2015, the Court entered judgment against Mr. Wyles and granted costs to Defendants.  (Doc. # 18.)

On July 13, 2015, the Loeb Defendants filed the instant motion, requesting attorney fees under Colo. Rev. Stat. § 13-17-201 for work expended defending this suit. (Doc. # 19.)  Pursuant to D.C.COLO.LCivR 54.3, the Loeb Defendants' attorney Katherine A. Jensen attached to the motion an affidavit concerning the reasonableness of her requested fees and a comprehensive billing statement.  (Doc. # 19-1.)  On August 8, 2015, Mr. Wyles responded to the Loeb Defendants' motion.  (Doc. # 27.) The Loeb Defendants did not file a reply.

# II. DISCUSSION

## A. WHETHER DEFENDANTS MAY RECOVER ATTORNEY FEES

The Loeb Defendants argue that they are entitled to attorney fees under Colo. Rev. Stat. § 13-17-201 because the Court dismissed all of Mr. Wyles' claims pursuant to Fed. R. Civ. P. 12(b)(6), and attorney fees are mandated by the statute in those circumstances.  (Doc. # 19 at 3.)  In response, Mr. Wyles contends that the Court's dismissal was akin to a summary judgment motion and, thus, the statute does not apply.

2

(Doc. # 27 at 1–2.)  The Court finds that Colo. Rev. Stat. § 13-17-201 is applicable, and

that the Loeb Defendants are entitled to attorney fees under the statute.

In this diversity action, the Court applies the substantive law of the forum state.

*Jones v. Denver Post Corp.*, 203 F.3d 748, 757 (10th Cir. 2000) (citing *Boyd Rosene &*

*Assocs. v. Kan. Mun. Gas Agency,* 174 F.3d 1115, 1118 (10th Cir. 1999) (attorney fees

are substantive for diversity purposes)).  Colo. Rev. Stat. § 13-17-201 provides that:

> In all actions brought as a result of . . . an injury to person or property
> occasioned by the tort of any other person, where any such action is
> dismissed on motion of the defendant prior to trial under rule 12(b) of the
> Colorado rules of civil procedure, such defendant shall have judgment for
> his reasonable attorney fees in defending the action.

Though the statute makes specific reference to dismissal under Colo. R. Civ. P. 12(b), it

is equally applicable to dismissal under Fed. R. Civ. P. 12(b)(6).  *Jones*, 203 F.3d at 757

n.6.

The purpose of this statute is to prevent claimants from bringing insubstantial tort

claims.  *Smith v. Town of Snowmass Vill.*, 919 P.2d 868, 872 (Colo. App. 1996).  To

ensure this deterrent effect, the fee award is mandatory whenever a defendant

"succeeds in dismissing a complaint under Rule 12(b)[,] . . . even if the complaint

included a mix of tort and non-tort claims."  *Infant Swimming Research, Inc. v. Faegre &*

*Benson, LLP*, 335 F. App'x 707, 715–16 (10th Cir. 2009).  However, attorney fees are

not awarded "if a motion [to dismiss] under rule 12(b) . . . is treated as a motion for

summary judgment and disposed of as provided in rule 56" because, if a court needs to

consider matters beyond the pleadings in rendering its decision, the claim cannot be

3

said to be "insubstantial" as required by the statute.  Colo. Rev. Stat. § 13-17-201;

*Krystkowiak v. W.O. Brisben Cos., Inc.*, 90 P.3d 859, 869–70 (Colo. 2004).

"Ordinarily, consideration of material attached to a Defendants' answer or motion

to dismiss requires the court to convert the motion into one for summary judgment." *Tal*

*v. Hogan*, 453 F.3d 1244, 1265 n.24 (10th Cir. 2006) (internal citations omitted).

However, in a motion to dismiss, a court may consider "facts subject to judicial

notice . . .  such as . . . facts which are a matter of public record" without having the

effect of converting the motion to a motion for summary judgment.  *Id.*  This includes

filings in related court proceedings, even those in state court.  *St. Louis Baptist Temple,*

*Inc. v. Fed. Deposit Ins. Corp.*, 605 F.2d 1169, 1172 (10th Cir. 1979) (noting that

"federal courts . . . may take [judicial] notice of proceedings in other courts, both within

and without the federal judicial system, if those proceedings have a direct relation to

matters at issue").  In particular, the Tenth Circuit has held that conversion does not

occur when a court considers related court filings in making a *res judicata*

determination.  *See Rose v. Utah State Bar*, 471 F. App'x 818, 820 (10th Cir. 2012)

(district court was not required to convert a motion to dismiss to a motion for summary

judgment where it considered filings in prior state and federal court cases in determining

that issue preclusion warranted dismissal).

In their Motion to Dismiss, the Loeb Defendants attached the State Court

complaint (Doc. # 7-1) and two orders issued by the State Court (Docs. ## 7-2; 7-3).

The Court incorporated these three exhibits into its Order Granting Defendants' Motion

to Dismiss, citing the exhibits in its description of the procedural history of the State

Court case.  (Doc. # 17 at 2–3.)  Mr. Wyles did not dispute the existence of the State Court case; he only disputed that the State Court case had the effect of precluding the instant lawsuit.  The Court took judicial notice of only the prior State Court case exhibits and did not consider any other matters beyond the pleadings in making its determination.  As such, the Court's dismissal under Fed. R. Civ. P. 12(b)(6) was not converted to a summary judgment decision.

Further, Mr. Wyles contests the Loeb Defendants' entitlement to fees on the ground that the Loeb Defendants' motion "is the subject of this Court's July 14, 2015 notice of noncompliance[1] . . . [and] the defect has not been corrected."  (Doc. # 27.) The Court finds this argument to be without merit.  Mr. Wyles cites no authority for the proposition that non-compliance with a technical filing requirement has a dispositive effect on the underlying substantive matter before the Court.  Additionally, the Order of Non-Compliance was a response to the Loeb Defendants' Proposed Bill for Costs, not the instant motion, and the Court issued a notice of noncompliance against Mr. Wyles' attorney for similar technical defects.  Thus, the Court declines to deny attorney fees to the Loeb Defendants based on their failure to comply with procedural rules.  *See Reed v. Bennett*, 312 F.3d 1190, 1195 (10th Cir. 2002) ("[a] district court undoubtedly has **discretion** to sanction a party for . . . failing to comply with local or federal procedural rules") (emphasis added).

---

[1] The Notice of Non-Compliance directed counsel for the Loeb Defendants to correct defects in a filing, which improperly contained a scanned PDF, and stated that "[f]ailure in the future to follow these procedures may lead to mandatory CM/ECF training."  (Doc. # 21.)

Accordingly, the Loeb Defendants are entitled to attorney fees under Colo. Rev. Stat. § 13-17-201.

## B. WHETHER DEFENDANTS' REQUESTED FEES ARE REASONABLE

In the instant motion, counsel for the Loeb Defendants requests $5,880.50 in attorney fees for work expended in defense of this action.  Mr. Wyles contests the Loeb Defendants' entitlement to attorney fees in general, but not the reasonableness of the hourly rate or the number of hours expended.  Nonetheless, the Court has a duty to ensure that the request for attorney fees is reasonable.  *See Ramos v. Lamm*, 713 F.2d 546, 553–54 (10th Cir. 1983) (noting that a district court "must carefully scrutinize the total number of hours reported to arrive at the number of hours that can reasonably be charged to the losing party"), *overruled on other grounds by Pa. v. Del. Valley Citizens' Council for Clean Air,* 483 U.S. 711 (1987).  The Court finds that the majority of the requested fees are reasonable.  However, because the Loeb Defendants are not entitled to fees for time spent on the instant motion, the Court reduces the fee award to **$5,023.00**.

When evaluating a motion for attorney fees, the Court follows the three-step process set forth in *Ramos*.  713 F.2d 546.  The first step is to determine the number of hours reasonably spent by counsel for the prevailing party.  *Malloy v. Monahan*, 73 F.3d 1012, 1017 (10th Cir. 1996); *Ramos*, 713 F.2d at 553.  Factors considered in a reasonableness determination include: (1) whether the amount of time spent on a particular task appears reasonable in light of the complexity of the case, the strategies pursued, and the responses necessitated by an opponent's maneuvering; (2) whether

the amount of time spent is reasonable in relation to counsel's experience; and

(3) whether the billing entries are sufficiently detailed, showing how much time was

allotted to a specific task. *Rocky Mountain Christian Church v. Bd. of Cnty. Comm'rs of*

*Boulder Cnty.*, No. 06-cv-00554, 2010 WL 3703224, at *2–3 (D. Colo. Sept. 13, 2010).

"Counsel for the prevailing party should make a good faith effort to exclude from a fee

request hours that are excessive, redundant, or otherwise unnecessary." *Hensley v.*

*Eckerhart*, 461 U.S. 424, 434 (1983). Despite this, courts need not "identify and justify

every hour allowed or disallowed, as doing so would run counter to the Supreme Court's

warning that a 'request for attorney fees should not result in a second major litigation.'"

*Malloy*, 73 F.3d at 1018 (quoting *Hensley*, 461 U.S. at 437).

Once the Court has determined the number of hours reasonably spent, it must

then determine a reasonable hourly rate of compensation. *Ramos*, 713 F.2d at 555.

The party seeking the award has the burden of persuading the court that the hours

expended and the hourly rate are both reasonable. *Id.* The third step consists of

multiplying the reasonable hourly rate by the number of hours reasonably expended to

determine the "lodestar" amount. *Hensley*, 461 U.S. at 433.

### 1. Reasonable Hours

The Loeb Defendants' counsel has submitted detailed billing records, stating the

nature of each task, the date the task was performed, the amount of time spent on the

task, and who performed the task. (Doc. # 19-1.) The records indicate the following

hours expended by the attorneys and the paralegal in this case: Managing Partner

Thomas A. Alfrey expended 5.8 hours; Associate Attorney Katherine A. Jensen

expended 21.3 hours; and Paralegal Alison Treece expended 2 hours.  (*Id.*)

The Court reviewed the billing records and finds that the time devoted to discrete

tasks does not appear unreasonable, nor are the hours disproportionate to the

experience of the attorneys and the paralegal that billed hours in this case.[2]  The bulk of

the work was allocated to the associate, Ms. Jensen, rather than the partner, Mr. Alfrey,

with the effect of keeping costs comparatively lower.  The hours billed by the attorneys

were for tasks that could not be delegated to a non-professional, including legal

research, communications with the client and with opposing counsel, and drafting and

editing briefings.  *Soto v. Jurado*, No. 97-2231, 1998 WL 911693137, at *6 (10th Cir.

Dec. 31, 1998) ("A party may not recover attorney fees for tasks easily delegated to a

nonprofessional assistant.").  Additionally, the work performed by the paralegal,

Ms. Treece, was tasks traditionally done by an attorney.  *Silver v. Primero Reorganized*

*Sch. Dist. No. 2,* No. 06–cv–02088, 2008 WL 280847, at *3 (D. Colo. Jan. 30, 2008)

(internal citation omitted).

However, in their Motion, the Loeb Defendants request **$857.50** in fees

associated with drafting their Motion for Attorney Fees.  (Doc. # 19-1 at 6–7.)  Because

---

[2] The Court notes that Mr. Alfrey has an entry for "Review[ing] court order denying motion to permit substituted service" on May 26, 2015.  (Doc. # 19-1 at 5.)  On this date, the Court had not yet ruled on this motion.  The Court issued a Minute Order on this motion the following day, May 27, 2015.  (Doc. # 10.)  Because Mr. Alfrey does not bill any other time for reviewing this motion, the court assumes this entry was dated incorrectly.  Though Mr. Alfrey lists 0.3 hours spent reviewing this Minute Order, the court finds that this is not unreasonable because the order cites Colo. R. Civ. P. 5(f), which Mr. Alfrey likely reviewed.  It appears that Magistrate Judge Kathleen M. Tafoya inadvertently cited Colo. R. Civ. P. 5(f) instead of Colo. R. Civ. P. 4(f).  Colo. R. Civ. P. 4(f) governs Substituted Service and indeed, is longer than Colo. R. Civ. P. 5(f) and would take more time to review.

Colo. Rev. Stat. § 13-17-201 provides for the recovery of attorney fees expended in **defending** against a tort action, fees for work associated with the motion for fees itself are recoverable only where the trial court finds that the opposition to the motion lacked substantial justification. *See Monell v. Cherokee River, Inc.*, 347 P.3d 1179, 1184–85 (Colo. App. 2015); *Foxley v. Foxle*y, 939 P.2d 455, 460 (Colo. App. 1996) (stating that the "substantial justification" analysis is "necessarily applicable to fees requested under § 13-17-201"). Accordingly, "a defendant is not entitled to fees for litigating a section 13[-]17-201 motion for fees unless the plaintiff's defense to the motion is substantially frivolous, substantially groundless, or substantially vexatious pursuant to . . . [Colo. Rev. Stat § ] 13-17-101." *Monell*, 347 P.3d at 1185. Even if the proponent is ultimately unsuccessful in his argument, this does not render his claim frivolous where he put forth a "good faith presentation of a legal theory which [i]s arguably meritorious." *SaBell's, Inc. v. City of Golden*, 832 P.2d 974, 978 (Colo. App. 1991).

The Court finds that Mr. Wyles' opposition to the motion for fees was substantially justified, even though it was unsuccessful. Accordingly, the Court will not award fees for work dedicated to the motion for attorney fees, and reduces the fee award by **$857.50**.

**2. Reasonable Billing Rates**

A reasonable hourly rate for attorney fees is based on the "prevailing market rates in the relevant community." *Malloy*, 73 F.3d at 1018. The Supreme Court has stated that the party seeking attorney fees bears the burden of producing "satisfactory evidence—**in addition to the attorney's own affidavits**—that the requested rates are

in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Blum v. Stenson*, 465 U.S. 886, 896 n.11 (1984) (emphasis added).  Where, as here, "a district court does not have before it adequate evidence of prevailing market rates, the court may use other relevant factors, including its own knowledge, to establish the rate." *Guides, Ltd. v. Yarmouth Grp. Prop. Mgmt., Inc.,* 295 F.3d 1065, 1079 (10th Cir. 2002).

In determining reasonable attorney fees, this Court has previously relied on the Colorado Bar Association's "2012 Economic Survey Snapshot" ("2012 CBA Survey").[3] *See, e.g., Home Loan Inv. Co. v. St. Paul Mercury Ins. Co.,* 78 F. Supp. 3d 1307, 1318 (D. Colo. 2014) (noting that "because the 2012 CBA survey provides the most recent data and is specific to Colorado, it provides the best indication of the current reasonable hourly rate in the Denver area").  The 2012 CBA Survey provides average hourly billing rates for lawyers practicing in Colorado based on firm size and specialization and on the years of experience of the attorney.

Ms. Jensen requests that the following hourly rates be paid in this matter: Mr. Alfrey, $265 per hour; Ms. Jensen, $195 per hour; and Ms. Treece, $95 per hour. (Doc. # 19-1 at 1–2.)  She asserts by affidavit that the requested fees are reasonable. Ms. Jensen further states that she is knowledgeable about the fees charged by other civil litigation defense firms in the community, and that the hourly rates of Mr. Alfrey, Ms. Treece, and herself are comparable to those of similarly situated attorneys and

---

[3] *See* The Colorado Bar Association: 2012 Economic Survey Snapshot, http://www.cobar.org/repository/LPM%20Dept/Economic%20Survey/Snapshot%20Final%20Report.pdf (last visited Dec. 11, 2015).

paralegals in the legal community.  (*Id.* at 2.)  For the reasons discussed below, the Court finds that these hourly rates are reasonable.

The 2012 CBA Survey indicates that the median hourly rate for a civil litigation attorney was $243, with $295 representing the 75th percentile.  Mr. Alfrey's requested rate falls within that range, and within the range of the hourly rates for partners in the 2012 CBA Survey.  Depending on the size of the firm, the median hourly rate for partners is between $250 per hour and $400 per hour, with the 75th percentile set at between $300 and $450.  Mr. Alfrey's 44 years as an attorney and role as managing partner in the firm justify a $265 hourly rate; indeed, this is lower than the rates often billed by longtime partners.  *See MemoryTen, Inc. v. LV Admin. Servs., Inc.,* No. 12–cv–00993, 2013 WL 1154492, at *3 (D. Colo. March 19, 2013) (approving hourly rates of $465–$495 for a member of a firm who had over 25 years of experience); *Payan v. Nash Finch Co.*, 310 P.3d 212, 222 (Colo. App. 2012) (approving hourly rate of $350 for a senior partner).

Similarly, Ms. Jensen's requested rate of $195 is supported.  The 2012 CBA Survey states that associates with one to three years of experience charge a median of $175, with $200 per hour representing the 75th percentile.  Because Ms. Jensen is a third-year associate, the upward deviation from the median is supported.  *See Ryals v. City of Englewood*, No. 12-cv-02178, 2014 WL 2566288, at *9 (D. Colo. June 6, 2014) ($225 hourly rate for second-year associate); *Payan*, 310 P.3d at 222 ($200 for "junior associate").

Finally, the rate requested for Ms. Treece of $95 per hour is reasonable in light of her 17 years of experience as a paralegal.  *See Hitchens v. Thompson Nat'l Properties, LLC,* No. 12–cv–02367, 2014 WL 2218094, at *3 (D. Colo. May 29, 2014) (calling $110 per hour a reasonable paralegal rate); *Salinier v. Moore*, No. 10-cv-00080, 2010 WL 3515699, at *3 (D. Colo. Sept. 1, 2010) (approving of $100 per hour paralegal rate).

Accordingly, the Court awards the Loeb Defendants attorney fees in the amount of **$5,023.00**.

### III. <u>CONCLUSION</u>

For the forgoing reasons, it is ORDERED that Defendants' Motion for Attorney Fees (Doc. # 19) is GRANTED IN PART and DENIED IN PART.  Consistent with the above analysis, it is

FURTHER ORDERED that the Loeb Defendants are entitled to attorney fees in the amount of **$5,023**, for which judgment should be entered in favor of Allen Z. Sussman and Loeb & Loeb, LLP and against Terrence M. Wyles.

DATED:  January 25, 2016.

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge